### SCHMIDT v. SCHMIDT.

PARTNERSHIP—EVIDENCE—ACCOUNTING.
> In an accounting between alleged partners, whose testimony was contradictory as to the existence of a partnership, a decree dismissing the complainant's bill for failure to show its existence, but without prejudice to his right to institute an action at law for services rendered to defendants, is affirmed.

Appeal from Houghton; Streeter, J. Submitted January 16, 1911. (Docket No. 88.) Decided February 1, 1911.

Bill by Frank Schmidt against Carl Schmidt, Oscar Schmidt, the First National Bank of Calumet, and the Citizens' National Bank of Houghton, for the dissolution of a partnership, an accounting, and other relief. From a decree dismissing the bill, complainant appeals. Affirmed.

*O'Brien & Le Gendre*, for appellant.

*MacDonald & Kerr*, for appellees.

MOORE, J.  The bill of complaint in this cause alleges a partnership existing between the complainant and the defendants, Carl Schmidt and Oscar Schmidt, and asks for an injunction, for the appointment of a receiver, for the dissolution of the partnership, and an accounting. Frank Schmidt, the complainant, at the date of hearing, was 26 years old, Carl Schmidt 41, and Oscar Schmidt 34.  A hearing was had in open court.  The bill was dismissed, but without prejudice.  The complainant has brought the case here by appeal.

We take the following statement from the brief of counsel for appellant:

"There is but one question for the court to decide.  Do the facts, as testified to, establish a partnership between Frank Schmidt and his brothers, Charles Schmidt and Oscar Schmidt?  We claim that the facts tend strongly to show that there was a partnership existing between all these brothers.  It was, indeed, a very loose partnership, one that perhaps could be entered into and conducted for a long period of time only by brothers, who were all very illiterate.  There never was any formality of any kind when the partnership was first entered upon, nor during all the years that it was carried on, and there never was at any time any books of account kept by the brothers. Charlie always handled all the money and paid and drew all checks; no other brother ever having or attempting to exercise this right.  There never was any accounting between them at any stated periods, nor any division of profits at any stated period, or at any period from the beginning of partnership up to the beginning of this suit. * * *  At the time of the suit none of the brothers were married.  Indeed, it might be said that it was a brothership partnership."

Much of the testimony, especially of the two defendants, Carl and Oscar Schmidt, lacks candor and frankness; but a careful reading of the entire record fails to establish the existence of a partnership.  It would profit no one to

set out the testimony in detail.    It is sufficient to say that, though it shows much work done by complainant for which defendants claim he has received his pay, it does not justify a finding that a partnership is shown.    If complainant has any just claim against defendants, it should be established in a different way than in this action.

The decree of the court below is affirmed, with costs.

OSTRANDER, C. J., and BIRD, HOOKER, and MCALVAY, JJ., concurred.